S. D. MCCREARY, Public Safety Director and/or Chief of Police of the City of Miami, County of. Dade, State of Florida, *Plaintiff in Error,* v. JOE COHEN, *Defendant in Error.*

149 So. 208-211.

Division B.

Opinion filed February 6, 1933.

On Rehearing Opinion filed May 23, 1933.

J. W. *Watson, Jr., Mitchell D. Price* and *Charles W. Zaring, Robert S. Florence* and *Loftin, Stokes & Calkins,* for Plaintiff in Error;

*Burwell & Sibley,* for Defendant in Error.

BUFORD, J.—In this case the plaintiff in error contends that the Circuit Court erred in discharging the defendant in error in a habeas corpus proceeding.

The defendant in error was arrested and charged with the violation of a certain ordinance of the City of Miami, Florida. The ordinance provided in part, as follows:

"Section 2. It shall be unlawful for any person, firm, corporation or association, in advertising for sale any goods, wares, merchandise, securities, service of anything offered

by such person, firm, corporation or association, to use any word, figure, or sign which as therein used falsely or fraudulently conveys, or is intended to convey, the meaning that the thing so advertised has greater value or is intrinsicically worth more, or previously sold for in Miami at a greater price, than the price so presently advertised."

"Section 3. It shall be no defense to a prosecution under the provisions of Section 2 that the advertising upon which the prosecution is based represents the opinion of the accused as to the value, unless it is clearly stated in such advertisement that the representation as to value therein contained is a matter of opinion and not a statement of fact."

"Section 4. The words 'value' and 'worth' as used in Section 2 herein shall be held and construed to mean the prevailing market price at which the thing is regularly sold in Miami."

"Section 8. Any person, firm, corporation or association violating this ordinance or any of its provisions, sections, or parts of sections, shall upon conviction, be punished by a fine not exceeding $500.00 or imprisonment for a period not exceeding sixty days, or both such fine and imprisonment, in the discretion of the Court."

. We have quoted these sections because they are the only sections of the ordinance with which we are concerned. The return shows that the charge against the defendant in error was in four counts of which the first is typical and was as follows:

"On April 28, 1932, at and in the said City of Miami, one Joe Cohen, in advertising for sale certain goods, wares and merchandise, by means of an advertisement which he caused to be printed on page 3 of The Herald of Miami, Florida, a newspaper published in said City, offered for sale by him and by a certain corporation of which he was an officer, and

by which he was employed, the name ofwhich is to the affiant unknown, did, in violation of Section 2 of ordinance No. 956 of the said City of Miami, therein unlawfully use words, figures and signs which as therein used falsely and fraudulently conveyed and was intended to convey, the meaning that the said suits, meaning men's wearing apparel, so advertised, had greater value and were intrinsically worth more than the price so presently advertised; that is to say that he, the said Joe Cohen, did, at the time and place in this Court hereinbefore alleged, and in the manner and by the means in this Court hereinbefore alleged, cause to be printed, on page 3 of the April 28, 1932 issue of The Herald, a newspaper printed and circulated in the said City of Miami, an advertisement reading in part as follows, to-wit:

'Any suit in the Store!
Value to $55.00!
$15.00;'

he, the said Joe Cohen, then and there, by means of the said advertisement, intending to falsely convey to the public the meaning that the suits so advertised could be purchased for $15.00 a suit, and that some of the suits so advertised had a value and were intrinsically worth $55.00 a suit; whereas, in truth and in fact, said suits as advertised had no greater value or was intrinsically worth half of $55.00."

The defendant in error sued out writ of habeas corpus to which motion to quash was filed, and when same came on to be heard the Circuit Court held Sections 2, 3 and 4 of the Ordinance to be in conflict with the State and Federal Constitution and also held the affidavit to charge no offense against the laws or ordinances of the City of Miami.

It is not challenged that the City of Miami has the right and power under its charter to enact ordinances in the exer-

cise of police power for the purpose of safeguarding the health, morals, safety and welfare of its citizens. Whether or not the ordinance under consideration is valid depends upon whether or not the authorities of the municipality may enact an ordinance containing those provisions under its police power.

It should not be questioned that a municipality possesses authority under a charter such as is that of the City of Miami to enact ordinances to curb and prohibit the perpetration of fraud in any form whether by advertisement or otherwise. In all this counsel for both parties to this suit agree but as to what may constitute a criminal fraud there appears to be some divergence of opinion. A fraud may be committed without anyone being the loser thereby. If one parts with his money or property because of a perpetrated fraud it is not necessarily material that he must be the loser by such perpetration. Let us say for instance that a reputable merchant has for years been selling to the public and to his regular customers three brands of hosiery. One brand has sold at $1.00, another at $1.50 and the other at $2.00 per pair. He puts on a sale and advertises hose "$2.00 kind for 89c" but instead of selling his customers the $2.00 kind at 89c he sells his customer and pawns off on the customer for the $2.00 kind the $1.00 kind, which are really worth and have the intrinsic value of $1.00 per pair. The customer has received his money's worth but he has been persuaded and defrauded into parting with his money upon the representation that he is receiving an article of even greater value. Then suppose that another merchant in the next block has been selling like hosiery at a like price and he puts on a sale offering the $2.00 kind at $1.25 per pair. Which store will the customer, relying upon the honesty and integrity of the merchants, patronize? We think the fraudulent advertise-

ment would reap the harvest. This is one of the evils which this ordinance and other like laws and ordinances are intended to curb. Such laws and ordinances are to be upheld and sustained upon the same theory that Chapter 311 Acts of Congress of September 26th, 1914, 15 U. S. Code Ann. Sec. 45, and especially Section 5 thereof, has been sustained by our courts. See Sears Roebuck & Co. v. Federal Trade Commission, 258 Fed. 307; Proctor & Gamble v. Federal Trade Commission, 11 Fed. (2nd) 47; Federal Trade Commission v. Winsted Hosiery Co., 258 U. S. 483, 66 Law. Ed. 729; Royal Baking Co. v. Federal Trade Commission, 281 Fed. 744.

In Jasnowski v. Connolly 1 Mich. (158 N. W. 229, the Supreme Court of Michigan said:

"A third point raised is that, while it was within the power of the Legislature to prohibit advertisements which are untrue, it is beyond the police power of the Legislature to prohibit advertisements which are 'deceptive and misleading.' The principal reason assigned is that what might tend to deceive one person might not deceive another, and it would thereby result in leaving the question of the guilt or innocence of the accused to the whim of successive juries. In any given case it would be a question of fact whether the representation of fact in the advertisement was untrue, deceptive or misleading. This determination would be attended by no more difficulty than is frequently encountered by juries in determining what the intention of the respondent was by what he said and did. This argument could as well be made against many penal offenses on our statute books, where a question of fact is involved. We have no doubt about the power of the Legislature in the exercise of the police power of the state to enact such legislation.

"Several questions are raised against the sufficiency of the

information. The newspaper advertisement was set out in the information, and the respondent was charged with making therein 'certain assertions, representations and statements of fact which were untrue, deceptive and misleading,' and setting out in detail the statements, etc., relied upon. We think the information charged an offense under the act."

What is known as the Printers' Ink Model Statute has been adopted in 24 states, Statutes of like purport have been adopted in 15 states. The purpose of all these statutes is to prevent fraudulent advertising and the perpetration of commercial fraud and unfairness in the selling of merchandise for general consumption. Florida is one of the 15 states last referred to and the statute is found in Section 1 of Chapter 11827, Acts of 1927, Section 7311 C. G. E.

It is not made to appear that in the adoption of the ordinance here under consideration the authorities of the City of Miami indulged in an unreasonable and oppresive interference with individual and property rights constituting an abuse of the exercise of police power, and, therefore, the courts should not hold the ordinance invalid. See 3rd McQuillin (2 Ed.) 94, also same page 105.

The next question presented is whether or not the affidavit charges an offense under the terms of the ordinance. It appears to us that the affidavit presents the charge substantially in the language of the ordinance and that the additional language used in the affidavit is not contrary or repugnant to the language of the ordinance. In reaching this conclusion we take into consideration that fact, which is a matter of common knowledge and may, therefore, be the subject of judicial cognizance by the Court, that the public very largely, if not almost entirely, measures standards and grades of clothing by the price at which it is sold. The average man

who buys ready-made clothing, and even one whose taste and financial ability will permit him to buy especial tailor-made clothes, judges the grade and standard of the suit by the regular retail price that is demanded for it. He goes into the clothier's place of business not with an idea that he will buy a suit made of cloth of a certain character, weight or fineness, but that he will buy a $15.00 suit, or a $25.00 suit, a $40.00 suit or even a $100.00 suit. The chances are that he can not tell the difference either in the workmanship or the fabric contained in the $40.00 and that contained in the $100.00 suits and the public generally, both men and women, purchase their wearing apparel in the same manner, depending on the price to indicate the standard of material which may be found in the garment. For this reason, when a merchant represents that a suit of clothes is of $55.00 value he necessarily represents that that suit contains the material and workmanship which is to be found in suits selling in that locality in the $55.00 price range and if he puts a tag on the suit showing the price $55.00 marked down to sale price at some other figure he represents that that is a suit containing the regular $55.00 value which has been reduced from that price to some other sales price. If this is not true he is using fraud and deception to augment his sales and to procure from his customers a sum of money for an article which is not of the standard which he has represented it to be.

The rule is too well established to require the citation of authorities that unless the affidavit, information or indictment relied upon entirely fails to charge a criminal offense, the petitioner should not be discharged on habeas corpus because of defect in such charge, even though a motion to quash might prevail because of such defects.

The question as to what the City may be allowed to prove

under the allegations of the affidavit is not before us for determination.

For the reasons above stated, the judgment should be reversed with directions that the petitioner be remanded. It is so ordered.

Reversed.

Davis, C. J., and Whitfield, Terrell and Brown, J. J., concur.

## On Rehearing.

Per Curiam.—We are considering two cases which are before us on rehearing, after opinions have been written in each separately. This opinion will govern both cases.

In the first case, which appears on our Docket as No. 8049, the defendant in error was charged with the violation of Section 2 of Ordinance No. 956 of the City of Miami. The first four sections of that Ordinance, after the title and enacting clause, are as follows:

"Section 1. It shall be unlawful for any person, firm, corporation, or association, with intent to sell or dispose of goods, wares, merchandise, securities, service or anything offered by such person, firm, corporation or association, directly or indirectly to the public, for sale or distribution, or with intent to increase the consumption thereof, or to induce the public in any manner to enter into any obligation relating thereto, or to acquire title thereto, or any interest, therein, to make, publish, disseminate, circulate or place before the public, or cause, directly or indirectly to be made, published, disseminated, circulated or placed before the public within the City of Miami in a newspaper or other publication, or in the form of a book notice, handbill, poster, bill, circular, pamphlet or letter or in any other way, an advertisement of any sort regarding goods, wares, merchan-

dise, securities, service or anything so offered to the public, which advertisement contains any assertion, representation or statement of fact which is untrue, deceptive or misleading.

"Section 2. It shall be unlawful for any person, firm, corporation or association, in advertising for sale any goods, wares, merchandise, securities, service or anything offered by such person, firm, corporation or association, to use any word, figure or sign which as therein used faslely or fraudulently conveys, or is intended to convey, the meaning that the thing so advertised has greater value or is intrinsically worth more, or previously sold for in Miami at a greater price, than the price so presently advertised.

"Section 3. It shall be no defense to a prosecution under the provisions of Section 2 that the advertising upon which the prosecution is based represents the opinion of the accused as to the value, unless it is clearly stated in such advertisement that the representation as to value therein contained is a matter of opinion and not a statement of fact.

"Section 4. The words 'value' and 'worth' as used in Section 3 herein shall be held and construed to mean the prevailing market price at which the thing is regularly sold in Miami."

In the second case, which appears as No. 8050, the defendant in error was charged with the violation of Section 1 of the Ordinance.

It is contended here that the ordinance is invalid because of being in conflict with the State Constitution. The Court below held Section 2 as read in connection with Section 3 to be unconstitutional but held Section 1 of the Ordinance to be valid, while in the case involving Section 1 of the Ordinance the Court held that the allegations of the affidavit were insufficient.

Each case originated in habeas corpus proceedings brought in the Circuit Court of Dade County and in each case petitioner below was discharged. The cases come before us on writ of error.

This Court is not concerned with the reasons of the Circuit Court for the discharge of the petitioner. The Court is only concerned with the question as to whether or not the judgment discharging the petitioner below, defendant in error here, was the proper judgment.

It is clear that it was not the intent of the Municipal Legislative body to condemn in Section 1 of the Ordinance a misstatement as to the value of the property offered for sale, because it provided specifically in Section 2 for cases of that kind.

In the affidavit in which it is alleged that the defendant violated Section 1 of the Ordinance the allegation is in effect that in an advertisement which he published he made the statement that certain goods which he offered for sale were of a greater value than that which such goods had at any time had and that this statement of the defendant of the value was known to be false and untrue and was made with the intent to make sales of the product. We think that the affidavit was insufficient because the act complained of was not within the purview of Section 1 of the Ordinance.

It is unnecessary for us to adjudicate the validity of Sections 2 and 3 of the Ordinance because the allegations of the affidavit are entirely insufficient to charge any offense under those provisions of the Ordinance if it be valid. It is not alleged anywhere in the affidavit that the goods advertised and offered for sale by the defendant were not of greater value than the price at which he offered them for sale, but, on the contrary, it is alleged, by inference at least, that the goods were worth more than the price at which the

defendant advertised and sold the same. A typical allegation of the affidavit in that regard is:

"that he, the Said Joe Cohen, did, at the time and place hereinabove set out, and in the manner and by the means hereinbefore set out, cause to be printed on page 3 of the April 28, 1932, issue of The Herald, a newspaper printed and circulated in the said City of Miami, an advertisement reading, in part, as follows, to-wit:

'Any suit in the Store
Values to $55.00
$15'

he the said Joe Cohen, then and there, by means of the said advertisement, intending to falsely convey to the public the meaning that the suits so advertised could be purchased for $15.00 a suit, and that some of the suits so advertised had a value and were intrinsically worth $55.00 a suit; whereas, in truth and in fact, said suits as advertised had no greater value or was intrinsically worth half of $55.00, contrary to and in violation of Section 2 of Ordinance No. 956 of the City of Miami, Dade County, Florida, passed and adopted by the City Commission on the 9th day of March, 1931;"

This allegation is equivalent to an allegation that the defendant advertised for sale and sold an article of merchandise for $15.00 which was worth $27.50. The ordinance does not prohibit that sort of thing, but the ordinance condemns an advertisement using any word, figures or sign "which as therein used falsely or fraudulently conveys, or is intended to convey, the meaning that the thing so advertised has greater value or is intrinsically worth more, or previously sold for in Miami at a greater price, than the price so presently advertised." And, there is no allegation that this act condemned by the ordinance was perpetrated by the

defendant, the petitioner in the Court below and defendant in error here.

Therefore, it follows that the former opinions filed in these cases are overruled and the judgment of the Circuit Court discharging the petitioner in each case must be affirmed. It is so ordered.

Affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL and BUFORD, J. J., concur.

BROWN, J., dissents.