77 So.2d 465 (1955)
Joe H. ADAMS, as successor in the office of D. Mack Humphrey, as State Hotel Commissioner, State of Florida, Appellant,
v.
MIAMI BEACH HOTEL ASSOCIATION, a corporation not for profit organized under the laws of the State of Florida on behalf of all of its members and Saul Cohen, Sid Raffell and Herb Robbins, a partnership, doing business as President Madison Hotel, Appellees.
Supreme Court of Florida. En Banc.
January 21, 1955.
*466 Richard W. Ervin, Atty. Gen., and James L. Graham, Jr., Asst. Atty. Gen., for appellant.
Alexander S. Gordon and Nelan Sweet, Miami Beach, for appellees.
TERRELL, Justice.
Miami Beach Hotel Association filed its complaint against Florida Hotel and Restaurant Commissioner, praying that said Commissioner be permanently enjoined from enforcing Section 511.45, Florida Statutes, Chapter 26907, Acts of 1951, F.S.A., and that said act be decreed to be unconstitutional. In his answer defendant denied the unconstitutionality of the act. There being no material issue of fact to be adjudicated the chancellor held the act to be violative of the State and Federal Constitutions and permanently enjoined its enforcement. Defendant has appealed from that decree.
The sole point for determination is whether or not the chancellor committed error, holding Section 511.45, F.S., F.S.A., to be violative of the State and Federal Constitutions.
The pertinent part of the challenged act is as follows:
"(1) It shall be a misdemeanor for any person who operates, or who has control of the operation of, any hotel, apartment house, rooming house, motor court, tourist camp or trailer camp, as the same are defined by Chapters 510, 511 and 513, Florida Statutes, to publish or cause to be published (orally, in writing, or by any other means) any advertisement which includes a statement relating to the room rates obtaining at such hotel, apartment house, rooming house, motor court, tourist camp or trailer camp, unless such advertisement shall with equal prominence contain additional data relating to such room rates in the following particulars:
"(a) Whether the rate advertised is for single or multiple occupancy of the room;
"(b) The number of rooms available in each price level where such advertisement indicates varying rates; and
"(c) The dates or period of time during which such advertised rates are available."
Other portions of the act have to do with the penalty imposed for violation, exceptions to it, the fact that the remedy provided is additional and supplemental to certain others, and shall not operate to repeal any existing remedy. It also contains the usual clause to the effect that if any portion of said act be held to be invalid the remainder shall be operative notwithstanding the unconstitutional provision. These parts are not assaulted and are not quoted or discussed.
An inspection of the quoted part of the act discloses that it does no more than place a condition on the operators of hotels, rooming houses, motels and other guest places defined by Chapters 510, 511 and 513, F.S., F.S.A. The condition imposed is that if such places publish any advertisement which includes a statement relating to the room rates charged by them, then they shall with equal prominence advertise the information contained in paragraphs (a), (b) and (c) of said act.
The chancellor held that the condition so imposed "places upon the hotel operators a penalty for attempting properly to inform the public as to the said varying rates by allowing the hotel operator who merely advertises his minimum rate without indicating varying rates to be held to be complying with said statute, and that the said statute is an unnecessary, unreasonable, arbitrary and capricious attempt to exercise the police power of the sovereign State of Florida." For this reason, said the chancellor, the act is violative of the "constitutional guarantees of the Constitution of the United States and of the State of Florida."
The object of said act was to require hotels, motels and other rooming house operators to tell the whole story when they exercise the privilege of advertising *467 their rooms. It is a matter of common knowledge that travelers are often confronted with a sign proposing comfortable lodging at very modest prices, say $2.50 to $4 per night. He pulls up to such a place and finds that all rooms at the advertised price are taken and that the only available lodging is two or three times the price advertised. It can be readily seen that the underlying purpose of the act is to break up this species of deception. Some of the hotels go so far as to advertise their rates and then when one gets in and registers he is charged a "convention" rate, four or five times the regular rate advertised.
The regulation of hotel, motel and rooming house advertising methods has often received attention at the hands of courts and legislative tribunals. Municipal ordinances have declared it unlawful for the driver of any passenger vehicle for hire, while so engaged, to solicit the patronage of his passengers for any hotel, inn or apartment or to attempt to divert a prospective guest from any hotel or rooming place. Such ordinances have been held to be a reasonable exercise of the police power and not to violate any constitutional right. State ex rel. Hosack v. Yocum, 136 Fla. 246, 186 So. 448, 121 A.L.R. 270; Boord v. Wallander, 195 Misc. 557, 89 N.Y.S.2d 796. Judge Chapman, in the Yocum case, cited McQuillin on Municipal Corporations to support the power of a city to prohibit the proprietor of a hotel or boarding house from soliciting guests on streets and public places except within 50 feet of his establishment. See also Williams v. State of Arkansas, 217 U.S. 79, 30 S.Ct. 493, 54 L.Ed. 673. Legislation requiring owners of hotels and inns to post in a conspicuous place in each room a card stating the daily rate of charge has been upheld. State v. Norval Hotel Co., 103 Ohio St. 361, 133 N.E. 75, 19 A.L.R. 637. These cases rest on the theory that where the business is affected with a public interest private rights must yield to reasonable regulation in the interest of the common welfare. Munn v. State of Illinois, 94 U.S. 113, 24 L.Ed. 77.
This Court is committed to the doctrine that the police power may be exercised to protect the public against loss from fraudulent or unscrupulous practices in commercial and financial transactions, particularly where the thing dealt with, or the method of dealing with it, adapts itself to, deception or fraudulent impositions on the public. Levy v. Stone, 97 Fla. 458, 121 So. 565; Bryan v. Cohen, 108 Fla. 421, 149 So. 211, 89 A.L.R. 1001; State ex rel. Hosack v. Yocum, supra. See also Goldstein v. Maloney, 62 Fla. 198, 57 So. 342.
The act in question does not attempt to do more, and even in this it is not written in the imperative: it does no more than require full disclosure because a partial disclosure is impregnated with deception. Attack is directed at provision 1(b) above on the ground that it imposes a penalty amounting to denial of equal protection of the law. The chancellor held Paragraph One invalid because it required that if any lodging place enumerated therein published any advertisement relating to room rates it must then follow such advertisement with the information in paragraphs (a), (b) and (c) with equal prominence. The effect, said appellee, was to impose a penalty upon the operator who attempted to properly inform the public of the varying rates. We fail to see the logic in this contention. That part of the statute allowing the operator to choose the type of advertising may in its effect, as said by one commentator, be like trying to "kill flies with a pitchfork," but that does not place an unconstitutional burden upon the operator. The field of regulation is legitimate, and compliance with the act does not impose anything in the nature of a burden that amounts to denial of equal protection of the laws. It is a serious matter to strike an act of the legislature down and it should never be done if there is any reasonable theory on which it can be upheld. I think Section 511.45, F.S., F.S.A., was clearly within the legislative prerogative and should be upheld. Most regulatory acts impose extra labor and inconvenience on those affected. In some fields such as manufacturing, wholesaling and retailing the extra labor is so great that the one so engaged is required to employ extra legal advice and clerical help but such impositions *468 do not render the law invalid. Every large and small business operator is confronted with this every time he makes his income tax return.
Another factor which fortifies our view is this: the act assaulted is a species of social legislation, that is, a field in which the legislative power is supreme unless some specific provision of organic law is transgressed. Absent such transgression it is for the legislature and not the courts to determine what is "unnecessary, unreasonable, arbitrary and capricious." Requiring hotels, motels, and other rooming houses to advertise full details of room charges if they exercise that medium is certainly a legislative prerogative with which the courts have no power to interfere. A legislative finding that such a requirement is in the public interest concludes the matter.
The charge of invalidity being without merit, the decree appealed from is reversed.
Reversed.
MATHEWS, C.J., and THOMAS, SEBRING, HOBSON, ROBERTS and DREW, JJ., concur.