WIGGINTON, Judge.
Petitioner seeks review by certiorari of an order entered by the State Plotel and Restaurant Commissioner finding it guilty of displaying a sign in front of its motel relating to rates charged for accommodations furnished therein contrary to the provisions of the statute applicable to matters of this kind.
The statute in question provides that “No person shall display or cause to be displayed any sign or signs which may be seen from a public highway or street, which sign or signs include in dollars and cents a statement relating to the rates charged at a public lodging establishment unless such sign or signs include in letters and figures of similar size and prominence the following additional information: the number of apartments or rooms in the establishment and the rates charged for each; whether the rates quoted are for single or multiple occupancy where such fact affects the rate charged; and the dates during which such rates are in effect. The said rates shall in each instance coincide with the rates posted in each room of the establishment and with those filed with the hotel and restaurant commissioner as required by subsection (l).”[1]
One of the requirements set forth in the foregoing statute provides that signs displayed by operators of public lodging establishments which include in dollars and cents a statement relating to rates charged must also include other required information in letters and figures of similar size and prominence. An interpretation of the words “of similar size and prominence” is the crux of this review.
The evidence taken before the commissioner discloses without conflict that the sign forming the subject of the alleged violation contains the following words and figures “$6 Couple”. The figure “$6” measures four feet in height and is located forty-three feet from the ground. The letters in the word “Couple” are two feet nine inches in height. The sign also contains the words and figures “Single $5”, which are nineteen inches in height and located thirty-five and one-half feet from the ground. That portion of the sign which reads “32 units. Rates same at all times-extra person $1.” is composed of letters and figures either seven or nine inches in height and located twenty-six feet from the ground. A motorist approaching the motel could read a portion but not all of the sign when he reaches a point 1600 feet away. Another portion of the sign may be read by an approaching motorist only when he reaches a distance of not more than 600 feet away. The remainder of the *858 sign is readable only when the motorist reaches a distance not more than 200 feet away.
Based upon the foregoing evidence the Commissioner found that the words and figures appearing on the rate sign displayed by petitioner were in violation of the statute which requires that the rates and other information be in words and figures of similar size and prominence.
It is petitioner’s contention that since the sign complained of contains all the information required by the statute, that it fully complies with the spirit and intent thereof and cannot be held to constitute a violation. It bases this position upon the decision of the Supreme Court rendered in Adams.[2] The Adams decision construed the statute as it then existed and prior to the time it was amended in its present form. In all material respects as concerns the question now under consideration, the provisions of the two statutes are the same. The Adams decision merely held that the statute was not violative of any constitutional provision, and was a legitimate exercise of the police power by the State.
Appellant’s contention ignores the fact that the violation of which it is found guilty does not concern a failure to include on the sign all the information required by the statute. The essence of the violation is the failure to so construct the sign as to make all figures and letters appearing thereon of similar size and prominence. It indeed taxes the credulity of this court to urge the contention that letters or figures four feet in height and erected forty-three feet from the ground are of similar size and prominence to other figures and letters seven or nine inches in height and erected twenty-six feet from the ground. This is especially so when the larger figures and letters are readable as far away as 1600 feet, while the small letters and figures are readable as a distance of not more that 200 feet from the sign.
To support petitioner’s contention would require that the court ignore and read out of the statute the salutary provision which requires that all figures and letters appearing on rate signs in front of public lodging establishments shall be of similar size and prominence. It was the prerogative of the legislature to make such requirement, and the court would be guilty of invading the province of the legislature if it attempted to ignore it. In the performance of his duty to enforce the provisions of the statute now under consideration, the Commissioner acts in a quasi-judicial capacity. His findings of fact are entitled to great weight and should not be reversed unless clearly erroneous, or unless there is no competent substantial evidence to support them.[3]
Petitioner further contends that to interpret and enforce the statute in the manner attempted by the Commissioner would stifle free competition, invade the free enterprise system and violate the rights guaranteed under the Constitutions. We are of the view that the constitutionality of a statute such as the one now under consideration has been laid to rest by the Supreme Court in the Adams case mentioned above.[4]
We have carefully considered the remaining assignments of error, but find them to be without merit.
Certiorari denied.
CARROLL, DONALD K, C. J., and STURGIS, J., concur.

. F.S. Sec. 509.201(2) (a), F.S.A.

.Adams v. Miami Beach Hotel Association, (Fla.1955), 77 So.2d 465.

. United States Casualty Co. v. Maryland Casualty Co., (Fla.1951), 55 So.2d 741.

. See footnote 2.