SHANNON, Chief Judge.
John W. Nugent, a motel owner and operator in Sarasota, Florida, seeks review by certiorari of an order of the Florida Hotel and Restaurant Commission.
The notice of hearing under which conviction was ultimately had in the instant case charged the petitioner with three separate violations in regard to the physical composition of the outdoor signs displayed at petitioner’s motel. Additionally, the notice also charged that “the rates posted in the rooms do not agree with those displayed on the signs, neither are these rates filed with the commission office as required.”
At the conclusion of the hearing petitioner was found guilty of four separate violations of Sec. 509.201(2) (a), Fla.Stat., F.S.A., and fined $100.00 on each of them. These were: 1) that the sign shows 12 rooms where only 11 were available; 2) that the sign is made of letters not of similar size and prominence; 3) that the rates posted in the rooms do not coincide with the rates advertised on the sign; and 4) that no current rates have been filed with the commission in Tallahassee on Form 8 as provided.
At the outset, we feel constrained to point out that certiorari is a discretionary writ and the reviewing court may not reweigh or evaluate the evidence but must merely examine the record to determine whether the agency had before it competent substantial evidence to support its findings and judgment, which must also accord with the essential requirements of law. Ward v. Florida Real Estate Commission, Fla.App.1962, 141 So.2d 811; De-Groot v. Sheffield, Fla.1957, 95 So.2d 912. In the DeGroot case, the Supreme Court, through Justice Thornal, said:
“We have used the term ‘competent substantial evidence’ advisedly. Substantial evidence has been described as such evidence as will establish a substantial basis of fact from which the fact at issue can be reasonably inferred. We have stated it to be such relevant evidence as a reasonable mind would accept as adequate to support a conclusion. * * * ”
The court went on to point out that such evidence must also be competent to the extent that it should be sufficiently relevant and material so that a reasonable man would accept it as adequate to support the conclusion reached.
Sec. 509.201(2) (a), Fla.Stat., F.S.A., portions of which petitioner was found to have violated, reads:
“No person shall display or cause to be displayed any sign or signs which may be seen from a public highway or street, which sign or signs include in dollars and cents a statement relating to the rates charged at a public lodging establishment unless such sign or signs include in letters and figures of similar size and prominence the following additional information: The number of apartments or rooms in the establishment and the rates charged for each; whether the rates quoted are for single or multiple occupancy where such fact affects the rate charged; and the dates during which such rates are in effect. The said rates shall in each instance coincide with the rates posted in each room of the establishment and with those filed with the hotel and restaurant commissioner as required by subsection (1).”
As indicated above, the order under review found that petitioner had failed to comply with the statute in that “[t]he sign *608 advertising the Normandy Motel shows twelve (12) rooms where only eleven (11) are available.” We find that the record lacks substantial competent evidence to support this finding.
Witness Garman testified that upon his personal observation he found two signs at petitioner’s motel which stated that 12 units were available in the establishment and that there is another sign stating 11 units available. To buttress this testimony three different photographs, which Witness Garman stated he had taken, were introduced into evidence. One of these photographs depicted the sign in front of the motel. The second photograph was of a sign on a part of a building and the third depicted a sign on part of still another building. These photographs were taken on the same day that the investigation was made, according to the witness.
With regard to the number of units available in petitioner’s motel, the witness, Gar-man, admitted on cross-examination that he did not know whether there were 11 or 12 available. Petitioner testified that his motel contained 11 units available for rental and he explained the discrepancy in the numbers on the signs outside by stating that he had received conflicting instructions from-commission officials as to whether or not the unit in which he lived should be included in those available.
The statute requires that wherever a sign is displayed with the number of apartments thereon that the rates charged for each must also be listed. It is noted, however, that in the instant proceeding with regard to the charge, the evidence and the conviction, the commission considered only the advertisement with regard to the number of units available. The wrong sought to be alleviated by the statute which we have under consideration was discussed by the Supreme Court in Adams v. Miami Beach Hotel Ass’n, Fla.1955, 77 So.2d 465, 466:
“The object of said act was to require hotels, motels and other rooming house operators to tell the whole story when they exercise the privilege of advertising their rooms. It is a matter of common knowledge that travelers are often confronted with a sign proposing comfortable lodging at very modest prices, say $2.50 to $4 per night. He pulls up to such a place and finds that all rooms at the advertised price are taken and that the only available lodging is two or three times the price advertised. It can be readily seen that the underlying purpose of the act is to break up this species of deception. Some of the hotels go so far as to advertise their rates and then when one gets in and registers he is charged a ‘convention’ rate, four or five times the regular rate advertised.”
Thus, it is seen that the prevention of deception is the object of this statute. As a practical matter, it is hard to conceive how a traveler would be misled upon reading two signs in front of a motel, one of which said 12 rooms are available and the other 11, absent some misrepresentation as regards the rates charged therefor. This is the very example given in the quote from Justice Terrell’s opinion in the Adams case, supra.
 The evidence shows that the sign advertising petitioner’s motel was of words and figures dissimilar in size and prominence. In City Center Motel, Inc. v. Florida Hotel and Restaurant Commission, Fla. App.1961, 134 So.2d 856, the District Court of Appeal, First District, stated :
“Appellant’s contention ignores the fact that the violation of which it is found guilty does not concern a failure to include on the sign all the information required by the statute. The essence of the violation is the failure to so construct the sign as to make all figures and letters appearing thereon of *609 similar size and prominence. It indeed taxes the credulity of this court to urge the contention that letters or figures four feet in height and erected forty-three feet from the ground are of similar size and prominence to other figures and letters seven or nine inches in height and erected twenty-six feet from the ground. This is especially so when the larger figures and letters are readable as far away as 1600 feet, while the small letters and figures are readable as [sic] a distance of not more that [sic] 200 feet from the sign.”
The court then went on to deny the petition for writ of certiorari. Petitioner herein contends that the deputy commissioner employed an unreasonable regulation of the commission which requires that in order to be similar, the lettering should not differ in size more than one per cent. We find it unnecessary to pass upon the reasonableness vel non of such a test, in view of the direct testimony that the advertising was in letters which were not similar in size and prominence. Additionally, this testimony was buttressed by the photographs taken by the witness, Garman. The evidence supporting this finding was substantial and competent and it will not, therefore, be disturbed. Likewise, the record contains sufficient evidence to show that the rates posted in the rooms of petitioner’s motel did not coincide with those advertised on the signs.
Petitioner challenges the finding that “[n]o current rates have been filed with the Florida Hotel and Restaurant Commission, Tallahassee, Florida, on Form 8 as provided.” This, he maintains, is a violation with which he was not charged. It is noted that the notice of hearing contained the following language:
“In addition to the sign deficiencies, the rates posted in the rooms do not agree with those displayed on the signs, neither are these rates filed with the Commission office as required.” (Emphasis added).
In proceedings such as the instant one, it is not necessary that the information be cast with that degree of technical nicety as required in a criminal prosecution. If a charge of improper conduct as contemplated by the act is stated, that is sufficient. Thorn v. Florida Real Estate Commission, Fla. App.1962, 146 So.2d 907. We deem the charge sufficient to enable the petitioner to prepare a defense against it.
Finally, petitioner asserts that Sec. 509.201, Fla.Stat., F.S.A., is violative of Article III, Section 1, Constitution of Florida, F.S.A., in that it delegates certain powers to the commission without establishing definite standards to limit this power or to guide the persons affected. This contention is without merit.
In Adams v. Miami Beach Plotel Association, Fla.1955, 77 So.2d 465, the sole point for determination was the constitutionality of the forerunner of the statute with which we are presently concerned. The court, speaking through Justice Terrell, had this to say:
“Another factor which fortifies our view is this: the act assaulted is a species of social legislation, that is, a field in which the legislative power is supreme unless some specific provision of organic law is transgressed. Absent such transgression it is for the legislature and not the courts to determine what is ‘unnecessary, unreasonable, arbitrary and capricious.’ Requiring hotels, motels, and other rooming houses to advertise full details of room charges if they exercise that medium is certainly a legislative prerogative with which the courts have no power to interfere. A legislative finding that such a requirement is in the public interest concludes the matter.”
Subsequently, in the City Center Motel case, supra, the District Court, after noting that the decision in the Adams case, supra, held the statute not to be violative of any constitutional provision, went on to point *610 out that the constitutionality of a statute such as the one now under consideration was laid to rest in the Adams case.
Further, petitioner gains no comfort from the decision in Florida Hotel and Restaurant Commission v. Dowler, Fla.1958, 99 So.2d 852, since the court did not divulge its reasons for affirming the circuit court’s quashal of the commission’s order. The only statement relative to the merits of the case is:
“We have reviewed the record here anew and find the end result reached by the circuit judge to be without error and it is, therefore, affirmed.”
For the foregoing reasons certiorari is granted and the cause is remanded with directions to strike that portion of the order wherein it was found that petitioner had failed to comply with Sec. 509.201(2) (a), supra, in that “[t]he sign advertising the Normandy Motel shows twelve (12) rooms where only eleven (11) are available.”
ALLEN and SMITH, JJ., concur.