BERANEK, Judge.
Petitioner, a former City of Fort Lauder-dale policeman, seeks to overturn his dismissal from the city police force. Petitioner was advised of his dismissal by letter from the City Manager which contained the reasons for dismissal. His release from the police force was upheld by the Departmental Review Board and petitioner then appealed to the City Civil Service Board. This Board held an evidentiary hearing and sustained petitioner’s dismissal.
Petitioner then sought review by writ of certiorari filed in the Circuit Court. The Circuit Court assumed jurisdiction and by order of January 10, 1979, the Court reviewed the case and denied certiorari. The Circuit Court was of the opinion that no error had been demonstrated and that dismissal was proper.
A further petition for certiorari has now been filed with this Court. We initially point out that the scope of review in such a proceeding is relatively narrow. As stated by the Third District Court of Appeal in Hardin v. City of North Miami Beach, 364 So.2d 843 (Fla. 3d DCA 1978):
We are not reviewing here the correctness of the decision of the Civil Service Board, but rather the circuit court’s action in denying the petition for writ of certiorari, and in this regard we are limited to the question of whether the circuit court departed from established law in *1253 finding against the petitioner. See Nugent v. Florida Hotel and Restaurant Commission, 147 So.2d 606 (Fla. 2d DCA 1962).
Within this narrow parameter of review, we find no reversible error.
In reviewing this case from the aforementioned point of view, we do not find a departure from the essential requirements of law. Such a demonstration is necessary before jurisdiction for certiorari review exists. See Griffin v. State, 367 So.2d 736 (Fla. 4th DCA 1979), and Kennington v. Gillman, 284 So.2d 405 (Fla. 1st DCA 1973).
Certiorari is hereby denied.
CROSS and DAUKSCH, JJ., concur.