560 So.2d 1322 (1990)
MOTEL 6, OPERATING L.P., d/b/a Motel 6, Appellant,
v.
DEPARTMENT OF BUSINESS REGULATION, DIVISION OF HOTELS AND RESTAURANTS, Appellees.
No. 88-2756.
District Court of Appeal of Florida, First District.
May 1, 1990.
Rehearing Denied June 4, 1990.
Jonathan S. Grout, of Dempsey & Goldsmith, P.A., Tallahassee, for appellant.
Elizabeth C. Masters, Asst. General Counsel, Dept. of Business Regulation, Tallahassee, for appellees.
ERVIN, Judge.
Appellant seeks review of a declaratory statement rendered by the Division of Hotels and Restaurants, Department of Business Regulation (Department), in response to two petitions for declaratory statement *1323 filed by appellant concerning two proposed highway signs. The Department determined that both proposed signs failed to comply with the requirements set forth in Section 509.201(2)(a), Florida Statutes (1987).[1] We affirm.
Section 509.201(2)(a) provides:
No person shall display or cause to be displayed any sign which may be seen from a public highway or street, which sign includes a statement or numbers relating to the rates charged at a public lodging establishment renting by the day or week, unless such sign includes in letters and figures of similar size and prominence the following additional information: the number of rental units in the establishment and the rates charged for each, whether the rates quoted are for single or multiple occupancy if such fact affects the rate charged, and the dates during which such rates are in effect. The rates shall in each instance coincide with the rates posted in each rental unit of the establishment and with those filed with the division. No such sign shall be displayed which includes a statement or numbers which appear to relate to the rate charged at a public lodging establishment when in fact the statement or numbers do not relate to such rates.
(Emphasis added.) The object of the statute "was to require hotels, motels and other rooming house operators to tell the whole story when they exercise the privilege of advertising their rooms." Adams v. Miami Beach Hotel Ass'n, 77 So.2d 465, 466-67 (Fla. 1955) (emphasis added) (en banc) (referring to the predecessor of section 509.201). See also Nugent v. Florida Hotel & Restaurant Comm'n, 147 So.2d 606, 608 (Fla. 2d DCA 1962).
The two highway signs proposed by appellant state, "MOTEL 6, $20.95 SINGLE" and "MOTEL 6, $20.95 SINGLE, ALL ROOMS ALL YEAR." The Department determined that the posting of one rate does not exempt the proposed highway signs from the requirements of section 509.201(2)(a), and that both signs were violative of the statute, because they advertised only one rate, when in fact other rates would be charged for the same room based upon the number of occupants. In addition, while finding the "ALL ROOMS" language in the second proposed sign to be in compliance with the statute's requirement that the signs state the "number of rental units in the establishment," the Department concluded that the "ALL YEAR" language did not comply with the requirement that the "dates during which such rates are in effect" be listed.
It is axiomatic that an agency's construction of its governing statutes and rules will be upheld unless clearly erroneous; if an agency's interpretation is one of several permissible interpretations, it must stand despite the existence of other reasonable alternatives. State Dep't of Health & Rehab. Servs. v. Framat Realty, Inc., 407 So.2d 238, 242 (Fla. 1st DCA 1981). Here, because more than one rate would apply to each room, the Department's interpretation that the statute's requirements are applicable and that the proposed signs were deceptive is not unreasonable. The Department's determination that "ALL YEAR" does not meet the requirements of the statute that applicable "dates" be posted is similarly within the permissible range of statutory interpretations. In so concluding, we observe that it is not necessary that an agency's interpretation of a regulatory statute be the most desirable interpretation, merely that it not be unreasonable or outside the range of possible interpretations. Department of Professional Reg., Bd. of Medical Examiners v. Durrani, 455 So.2d 515, 517 (Fla. 1st DCA 1984). See also Tri-State Sys., Inc. v. Department of Transp., 491 So.2d 1192, 1193 (Fla. 1st DCA 1986) ("interpretation of critical term ... does not have to be the only one or the most desirable one; it is enough if it is permissible"). Because the Department's construction of section 509.201(2)(a), as it *1324 applies to the appellant's two proposed highway signs, is not clearly erroneous, the order is
AFFIRMED.
WENTWORTH, J., concurs.
ZEHMER, J., dissents with written opinion.
ZEHMER, Judge, (Dissenting).
The majority affirms a declaratory statement of the Department of Business Regulation, Division of Hotels and Restaurants (DBR), finding that proposed advertising signs of Motel 6 do not meet the requirements of section 509.201(2)(a), Florida Statutes, and Rule 7C-3.002(3), Fla. Admin. Code. I would reverse.
Motel 6 petitioned DBR for a declaratory statement as to whether proposed highway signs fell within the ambit of section 509.201(2)(a), Florida Statutes, and Rule 7C-3.002(3), Florida Administrative Code. The first sign stated, "Motel 6, $20.95 Single," and the second sign stated, "Motel 6, $20.95 Single, All Rooms All Year." DBR was requested to take into consideration the facts that all rooms in the motel are available at the same rate for one person, that Motel 6 does not change its room rate based on seasonal differences or charge more for special events, and that the single room rate indicated on the sign is in effect all year. DBR issued a declaratory statement finding that the proposed signs fall within the purview of section 509.201(2)(a), that posting one rate on its signs when that rate is not the only rate at the hotel violates that statute, that the language "all rooms" complies with the statute's requirement that highway signs state the number of rental rooms in the establishment, but that the language "all year" does not comply with the statute's requirement that the dates during which such rates are in effect be listed. DBR interprets section 509.201(2)(a) to require that the sign include the beginning and ending dates of the effective rates. While I agree that the proposed signs must comply with section 509.201(2)(a) in all respects, I would reverse the following rulings in the Declaratory Statement.
Specifically, I disagree with the declaration that "all year" does not comply with the statutory requirement that the "dates during which such rates are in effect" be posted on the sign. See § 509.201(2)(a), Florida Statutes (1989). The term "all year," given its usual and customary meaning of the entire calendar year, comports with the statute and rule for it fairly conveys in easily- and quickly-read terms essential to highway signs the time period during which rates apply. DBR's decision to the contrary is arbitrary and capricious at best. I disagree with the majority that its position falls within a permissible interpretation of the statute.
I also disagree with DBR's declaration that multiple occupancy rates must be posted if the single rate is posted. Such a requirement goes beyond the statutory mandate and is not required by the literal language and intent of the rule. The term "single" is not deceptive and there is no reason to suspect that the traveling public would expect the rate for multiple occupancy to be the same as that for single occupancy.
The purpose of the statute at issue is to avoid "bait and switch" with respect to the subject matter of the advertisement. Nugent v. Florida Hotel and Restaurant Commission, 147 So.2d 606 (Fla. 2d DCA 1962). DBR has presented no justification of how the public would be misled into believing that the term "all year" means anything other than every day of the year, or that the term "single" means anything other than occupancy for one person. Furthermore, if the motel has several multiple occupancy rates, but only one single rate, there is no rational reason for requiring a listing of all multiple rates as well as the single rate. Highway signs are not intended to serve the function of a complete directory of available rooms and services. The statute is directed only at misleading *1325 ads. No language in the statute or rule explicitly requires such a full disclosure of all occupancy rates, and such a complex listing could be dangerously distracting to traveling motorists. Again, DBR's interpretation of the statute in this regard is arbitrary and capricious.
NOTES
[1] For similar requirements, see also Rule 7C-3.002(3), Florida Administrative Code.