PER CURIAM.
Humana, Inc., appeals from a final order of the Department of Banking and Finance (“Department”), pursuant to which Huma-na, Inc., was ordered to remit $183 to the Department as “intangible property ... unclaimed by the owner” under Chapter 717, Florida Statutes (1989), known as the Florida Disposition of Unclaimed Property Act, and was assessed a $250 administrative *673 fine for failing to report and to remit the $183. We affirm. The Department’s construction of its governing statutes is not clearly erroneous in finding, in essence, competent substantial evidence demonstrating the owner’s presumptive abandonment of the $183 refund check. See Motel 6, Operating L.P., v. Department of Bus. Reg., 560 So.2d 1322, 1323 (Fla. 1st DCA 1990); Department of Professional Regulation v. Durrani, 455 So.2d 515, 517 (Fla. 1st DCA 1984) (agency’s construction of statute it administers is entitled to great weight and will not be overturned unless clearly erroneous).
This matter arose when the Department filed an administrative complaint for a cease and desist order against appellant. Humana, Inc., timely requested a formal administrative hearing on the administrative complaint. At the parties’ request, the formal hearing was cancelled so that the matter could be decided by the hearing officer based on a factual stipulation. In its final order, the Department adopted the recommendation of the hearing officer that appellant be required to remit to the Department the sum of $183 as proceeds of the above-mentioned refund check, and to pay a $250 administrative fine.
Section 717.102(1), Florida Statutes (1989), provides:
(1) All intangible property, including any income or increment thereon less any lawful charges, that is held, issued, or owing in the ordinary course of the holder’s business and has remained unclaimed by the owner for more than 5 years after it becomes payable or distributable is presumed abandoned, except as otherwise provided by this chapter. (Emphasis supplied.)
The parties stipulated that it appeared from the books and records of Humana, Inc., that appellant owed a $183 refund to a former patient; that it was appellant’s usual practice to issue refund checks to persons who appear to be owed money; that in November 1982, appellant issued a $183 check to the former patient, as payee, and sent it by certified mail to the payee’s last known address, in Orlando, Florida; and that appellant received by return mail the certified receipt showing delivery of the refund check to that address. From appellant’s books and records, it is not possible to determine who signed the return receipt. The check was not returned to appellant, nor has it been presented for payment during the ensuing 9¥2 years. The outcome of this case turns on the statutory meaning of “unclaimed by the owner,” and whether the $183 refund check was thus unclaimed. Although the specific amount , at stake in the case sub judice is arguably de minim-is, the parties agree that the issues to be decided here are very likely to arise in other litigation concerning Chapter 717.
The statute does not define “unclaimed.” Appellant submits that by the act of failing to demand the $183 after delivery of the check to his last known address, the payee disclaimed any interest or right assumed by appellant to be his. Under this reasoning, the $183 is not property unclaimed by the owner because the purported owner, by his actions, asserted he is not the owner. Instead, Humana, Inc., asserts that it is the “owner” of the funds, and not merely the “holder,” as those terms are defined in section 717.101(11) and (7), Florida Statutes (1989), respectively.
The Department contends it is the proper custodian of the $183 because the facts of this case satisfy all of the conditions that give rise to a presumption of abandonment. See section 717.102, Florida Statutes (1989). Among those requirements is that the intangible property, including checks under section 717.101(9), Florida Statutes (1989), remain unclaimed by the owner for more than five years after it becomes payable. The final order comes to this court clothed with a presumption of correctness. See Motel 6; White v. White, 306 So.2d 608 (Fla. 1st DCA 1975).
In the absence of an express statutory definition, “unclaimed” should be accorded its common and ordinary meaning. State Dep’t of Admin. v. Moore, 524 So.2d 704, 707 (Fla. 1st DCA 1988). To claim is to “demand as one’s due” or “assert one’s right to.” American Heritage Dictionary of the English Language 246 (1973). The *674 former patient did not demand as his due, or otherwise assert his right to, the $183. Thus, the refund check was unclaimed by the owner. Appellant’s argument that the payee “disclaimed” any interest in the check, an act implying an affirmative repudiation or relinquishment of a legal claim, is not supported by the facts in the record or by the pertinent language in Chapter 717, Florida Statutes (1989). Because the identity of the signer of the return receipt cannot be determined, it is unclear whether the payee ever personally received the check. The mere failure to claim an amount owed does not constitute a disclaimer here.
AFFIRMED.
SHIVERS, WIGGINTON and BARFIELD, JJ., concur.